In the Matter of the Application of EDWIN .S. HARRIS, as Deputy Comptroller of the State of New York, for an Order Transferring Certain Moneys and Securities Paid into Court from BROADWAY SAVINGS INSTITUTION of the County of New York to the City Chamberlain of the City of New York.

(Supreme Court, New York Special Term, September, 1912.)

Payment of money into court — guardians ad litem — Code Civ. Pro. § 744a.

> Moneys collected by guardians *ad litem* as the proceeds of actions, and which are received directly from defendant and deposited in a savings bank in the city of New York which is not a designated depository of court funds, are not moneys "paid into court" within the meaning of section 744a of the Code of Civil Procedure, and the state comptroller is not entitled thereunder to an order directing a transfer of such deposits to the chamberlain of the city of New York.

MOTION to have certain moneys on deposit in a savings bank paid to the city chamberlain.

Thomas Carmody, attorney-general (Robert P. Beyer, deputy attorney-general, of counsel), for petitioner.

Richard Kelly, for Broadway Savings Institution.

NEWBURGER, J. The state comptroller seeks to have certain moneys standing in the name of guardians ad litem now on deposit with the Broadway Savings Institution paid by said institution to the city chamberlain. Section 744a of the Code of Civil Procedure under which this application is made, provides as follows: "The comptroller may examine the books, accounts and vouchers of every bank and trust company in the state in anywise relating to moneys and securities paid into court under an order of any court of record, and where the same has

not been paid to the chamberlain of the city of New York or to any county treasurer of the state, the comptroller, upon an application duly made, shall be entitled to an order directing the payment and transfer of all such money and securities from any of such banks and trust companies to the treasurer of the proper county, and in the city of New York to the city chamberlain." It appears that the comptroller, pursuant to the power given him, caused an examination to be made of the Broadway Savings Institution, and there found that certain moneys had been deposited by certain guardians ad litem. This bank is not a designated depository of funds of the court, nor was there any order made by the court directing guardians to deposit such funds with said savings bank. The moneys were collected by the respective guardians *ad litem* as the proceeds of actions brought by them and were received directly from the defendants in the respective actions. The qestion presented is: Were such deposits to be considered as moneys paid into court within the meaning of section 744a? Special guardians are appointed by the court for a particular object, namely, to prosecute or defend an action, and when moneys are paid over to them upon a recovery in such action, such special guardians are required to file an undertaking in double the amount of such recovery. See Code Civ. Pro., § 744. The mere fact that such special guardian may deposit moneys belonging to the infant in his name as special guardian does not bring the case within the meaning of moneys to be paid into court as provided by section 744a. The infant is protected by the bond given by the special guardian. The mere adding of the words special guardian by the depositor does not change his position nor relieve him of liability to the infant. I am of the opinion that section 744a does not authorize this court to direct the deposits with the Broadway Savings Institution to be transferred to the city chamberlain, therefore this application is denied.

Motion denied.